J-S31043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GARY GODDARD | : | |
| | : | |
| Appellant | : | No. 2509 EDA 2023 |

Appeal from the PCRA Order Entered September 15, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0004365-2018

BEFORE: BOWES, J., McLAUGHLIN, J., and BECK, J.

CONCURRING MEMORANDUM BY McLAUGHLIN, J.:**FILED JANUARY 09, 2025**

I join the majority's discussion and disposition of the first and third issues. I write separately to set forth my slightly different approach to the claim that counsel was ineffective for not seeking an instruction on heat of passion and imperfect defense of another.

Regarding the failure to request an instruction in imperfect defense of another, in my view, Goddard failed to show prejudice because forensic evidence showed a bullet from Goddard's gun in the front of Zyisean McDuffie's head. Yet when asked, Goddard had no explanation for how that could be so if his testimony that he fired at McDuffie from behind was true. **See** N.T., 3/20/2019, at 62. And as the majority points out, the Commonwealth presented substantial eyewitness testimony that Goddard stood over McDuffie and shot him in the forehead. **See** Majority Mem. at 15-

16. As for heat of passion, even according to Goddard's testimony, he heard shots, retrieved his gun from his truck, and went to the scene with it. ***See*** N.T., 3/19/2019, at 279; N.T., 3/20/2019, at 56. That testimony is utterly contrary to a heat-of-passion defense. I thus do not believe that there is a reasonable likelihood that the verdict would have been different, even if counsel had obtained an instruction on attempted voluntary manslaughter.